[No. 6450.    Decided December 15, 1906.]

*In the Matter of the Guardianship of the Person and Estate of* GERTRUDE MASTERSON, *a Minor.*[1]

GUARDIAN AND WARD—APPOINTMENT—ADOPTED CHILD—RIGHTS OF NATURAL MOTHER. Under Bal. Code, § 6483, the natural mother of a minor, by consenting to an adoption of the child, waives and forfeits any right or claim she may have under Bal. Code, § 6399, providing that the mother is entitled to the guardianship of a minor in case of the decease of the father; hence, upon the death of the adoptive parents, the appointment of some other suitable person, having regard to the welfare of the child, cannot be questioned by the natural mother.

SAME—GRANDPARENTS. For the same reason, the rights of natural grandparents are divested by the decree of adoption.

SAME—INTEREST OF GUARDIAN. It is not a valid objection to the appointment of a guardian for an adopted child that the guardian would inherit from the child, in case of her decease without issue, and that it would be to the guardian's interest to prevent her marriage, especially where the court has found such guardian to be a suitable and proper person.

Appeal from an order of the superior court for Walla Walla county, Brents, J., entered May 9, 1906, appointing a guardian for the person of a minor, after a hearing upon the merits of counter applications therefor.    Affirmed.

*John L. Sharpstein, John H. Pedigo,* and *Frank B. Sharpstein,* for appellants.

*Marvin Evans,* for respondent.

[1]Reported in 87 Pac. 1047.

Rudkin, J.—Gertrude Masterson, a resident of Walla Walla county, is a minor of the age of about eleven years. On June 17, 1898, when of the age of about three years, she was legally and regularly adopted by one Sinah Masterson, and continued to reside with her adoptive mother until the death of the latter, some time during the year 1904. Upon the death of the adoptive mother, Sarah I. Smith was appointed guardian of the person of the minor, and continued to act as such until her death, on the 22d day of January, 1906. Since the death of Sarah I. Smith, the minor has resided with the respondent, Emma J. McManis, a daughter of Sinah Masterson, deceased.

Soon after the death of Sarah I. Smith, the respondent filed her petition in the superior court of Walla Walla county, praying that she be appointed guardian of the person and estate of said minor. Before the hearing on this petition, similar petitions were presented to the court by the appellants Ida M. Bischoff and Katharina Bischoff, the natural mother and grandmother of the minor. The court heard all three petitions together and appointed the respondent guardian of the minor's person, and one A. L. Lorenzen guardian of her estate. Ida M. Bischoff and Katharina Bischoff have appealed from that portion of the order appointing the respondent guardian of the person.

The court found that each of the petitioners was a suitable and proper person to be appointed guardian of the person of the minor, but that by reason of the fact that the minor had spent nearly all her time during the past seven years in the homes of Sinah Masterson, Sarah I. Smith, and the respondent, the latter was the most suitable person for the guardianship. If the welfare of the minor is the only question for consideration on this appeal, the order should be affirmed, as no abuse of discretion in the selection or appointment of the guardian is shown. If, on the other hand, either of the appellants has a legal claim to the guardianship,

4—45 wash.

the order must be reversed, as the court has found that they are suitable and proper persons.

Bal. Code, § 6399 (P. C. § 2733), provides that, "The father of the minor if living, and in case of his decease the mother, being themselves respectively competent to transact their own business, shall be entitled to the guardianship of a minor." Under this section the appellant Ida M. Bischoff was entitled to the guardianship, the father of the minor being dead, unless she waived or forfeited such right by consenting to the adoption of the minor by Sinah Masterson, now deceased.

Bal. Code, § 6483 (P. C. § 2804), relating to the adoption of children, provides as follows:

"By such order the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters entitled to all the rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: Provided, That on the decease of parents who have adopted a child or children under this chapter, and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children."

And we are constrained to hold that, by virtue of this section and the decree of adoption, the natural mother waived and forfeited any right or claim she might have under § 6399, *supra*. By the decree of adoption the child became, to all intents and purposes, the child of her adoptive mother and continued to be such even after her death. The natural parent, by her voluntary act in consenting to the adoption of her child by another, became divested of all legal rights and obligations in respect to such child, and the situation was not changed by the death of the adoptive parent.

It is next contended that the grandparent is entitled to the guardianship, upon the death of the parents, under § 6399, as construed by the courts. Conceding this to be true ,the rights of the grandparents, like those of the natural parent, were divested by the decree of adoption.

Lastly it is contended that it would be to the interest of the respondent to prevent the marriage of her ward, as she would inherit a portion of the ward's estate in the event of her death, without issue, under § 6483, *supra*, and that for that reason the respondent should not be appointed. The same objection might be urged against the appointment of the parents or any relative who would inherit a portion of the ward's estate in the event of her death without issue. Such a contingency is rather remote, and furthermore the contention is inconsistent with the finding of the court that the respondent is a suitable and proper person for the guardianship. The control of the guardian ceases as soon as the female ward attains the age of eighteen years, and should the guardian withhold her consent to the marriage of her ward during minority from any such sordid motive as is here suggested, the courts will be amply able to protect the rights of the ward.

We find no error in the record, and the judgment is affirmed.

Fullerton, Hadley, and Crow, JJ., concur.

Root, J., concurs in the result.

Mount, C. J. and Dunbar, J., took no part.