[No. 15197.   Department One.   August 20, 1919.]

*In the Matter of the Estate of* JOHN MASTERSON.
EMMA J. MCMANIS, *Appellant*, v. GERTRUDE LLOYD,
*Respondent.*[1]

ADOPTION (11)—INHERITANCE BY ADOPTED CHILD—SISTERS.   Under
Rem. Code, § 1699, divesting natural parents of all legal rights and
obligations in respect to an adopted child, and providing that the
child shall be to all intents and purposes the legal heir of the
adopter and entitled to all the rights and privileges of a natural
child, an adopted child has the right to inherit from a brother or
sister by adoption, in view of a liberal construction of the statute.

EXECUTORS AND ADMINISTRATORS (67) — CLAIMS — SERVICES REN-
DERED DECEASED.   A claim against an estate for nursing the deceased,
made by one who received regular pay for board, meets the require-
ment that the evidence for extra compensation must be of the
clearest and most convincing character, where it appears that no
part of the sums paid were for nursing, and that the guardian of
the deceased had agreed to pay therefor.

Appeal from an order of the superior court for
Walla Walla county, Mills, J., entered November 15,
1918, distributing the estate of a decedent and allow-
ing a claim against the estate, after a hearing before
the court upon the final account of the administratrix.
Affirmed.

*Evans & Watson*, for appellant, cited: 1 Corpus
Juris, p. 1401; *Wallace v. Noland*, 246 Ill. 535, 92 N. E.
956, 138 Am. St. 247; *Van Matre v. Sankey*, 148 Ill.
536, 36 N. E. 628, 39 Am. St. 196, 23 L. R. A. 665;
*Keegan v. Geraghty*, 101 Ill. 26; *Boaz v. Swinney*, 79
Kan. 332, 99 Pac. 621; *Van Derlyn v. Mack*, 137 Mich.
146, 100 N. W. 278, 109 Am. St. 669, 66 L. R. A. 537;
*Hockaday v. Lynn*, 200 Mo. 456, 98 S. W. 585, 118 Am.
St. 672, 8 L. R. A. (N. S.) 117; *Philips v. McConica*,
59 Ohio St. 1, 51 N. E. 445, 69 Am. St. 753; *In re Bur-*

[1]Reported in 183 Pac. 93.

*nett's Estate,* 219 Pa. 599, 69 Atl. 74; *Rhode Island-Hospital Trust Co. v. Humphrey,* 32 R. I. 318, 79 Atl. 829; *Moore v. Estate of Moore,* 35 Vt. 98; *Kettell v. Baxter,* 50 Misc. Rep. 428, 100 N. Y. Supp. 529; *Estate of Sunderland,* 60 Iowa 732, 13 N. W. 655; *Merritt v. Morton,* 143 Ky. 133, 136 S. W. 133, 33 L. R. A. (N. S.) 139; *Gammons v. Gammons,* 212 Mass. 454, 99 N. E. 95; *Brown v Wright,* 194 Mass. 540, 80 N. E. 612; *Barnhizel v. Ferrell,* 47 Ind. 335; *Helms v. Elliott,* 89 Tenn. 446, 14 S. W. 930, 10 L. R. A. 535; *Batcheller-Durkee v. Batcheller,* 39 R. I. 45, 97 Atl. 378; *Baker v. Clowser,* 158 Iowa 156, 138 N. W. 837, 43 L. R. A. (N. S.) 1056; *Upson v. Noble,* 35 Ohio St. 658; Monographic Note, 39 Am. St. 226.

*John C. Hurspool,* for respondent, cited: *Pace v. Klink,* 51 Ga. 220; *Warren v. Prescott,* 84 Me. 483, 24 Atl. 948, 30 Am. St. 370, 17 L. R. A. 435; *Humphries v. Davis,* 100 Ind. 369; *Glascott v. Bragg,* 111 Wis. 605, 87 N. W. 853, 56 L. R. A. 258; *Virgin v. Marwick,* 97 Me. 578, 55 Atl. 520; *Stearns v. Allen,* 183 Mass. 404, 67 N. E. 349, 97 Am. St. 441; *Ross v. Ross,* 129 Mass. 243, 37 Am. Rep. 321; *Van Brocklin v. Wood,* 38 Wash. 384, 80 Pac. 530; *In re Masterson's Estate,* 45 Wash. 48, 87 Pac. 1047, 122 Am. St. 886.

MAIN, J.—This appeal presents for review the order of the superior court distributing the estate of John Masterson, deceased, and allowing a claim against the estate. The deceased left surviving him, as heirs at law, Emma J. McManis, a sister, Andrew A. Smith, a nephew, being the son of a deceased sister, and Gertrude Lloyd, a sister by adoption. For approximately fourteen months prior to his death, John Masterson roomed and boarded in the home of his sister, Emma J. McManis, and during this time A. K. Rice was his duly

appointed, qualified and acting guardian. At the time he began to room and board with his sister, the deceased was a bachelor, approximately forty years of age. For his board and room the sister was to receive $20 per month. This was paid at the end of each month by the guardian and was receipted for by the daughter of Mrs. McManis. After a few months, the amount paid was increased to $30 per month, and subsequently to $40. The evidence shows that all the money received was expended for the use and benefit of the deceased. The claim presented, and which was allowed by the court, was by Mrs. McManis for nursing her brother during the fourteen months mentioned, it being her contention that she was to be paid for the nursing in addition to his room and board. During all of this time he was in a deplorable condition, both physically and mentally.

The order of distribution entered in the cause, from which the appeal is taken, distributed a portion of the estate to Gertrude Lloyd, the sister by adoption, as though she were a natural sister, and allowed the claim for nursing. The questions here for review are, first, whether the sister by adoption had a right to a portion of the estate; and second, whether the court properly allowed the claim for nursing.

Gertrude Lloyd was the adopted daughter of Sina Masterson, now deceased. John Masterson was the natural son of Sina Masterson. Emma J. McManis was a natural daughter, and Andrew A. Smith was the son of a natural daughter. Under these facts, is Gertrude Lloyd, a sister by adoption, entitled to an heir's portion of the estate of John Masterson, deceased? Whether she has a right to so inherit depends upon the construction to be given to the adoption statute. Rem. Code, § 1699, provides what shall be the effect of adoption, as follows:

''By such order the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the. child and legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: Provided, that on the decease of parents who have adopted a child or children under this chapter, and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children.''

By this statute, the natural parents are divested of all legal rights and obligations in respect to the adopted child, and the child is free from all legal obligations of obedience and maintenance of its natural parents. It is expressly provided that such adopted child shall be, to all intents and purposes, the child and legal heir of the adopters, and entitled to all the rights and privileges and subject to all the obligations of a child of the adopters begotten in lawful wedlock. The language of the statute is broad and comprehensive.

One of the rights or privileges of a natural child is to inherit from a brother or sister, the natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has. The statute says that such adopted child shall be entitled to all the rights and privileges as though it were begotten in lawful wedlock and, to all intents and purposes, shall be the child and legal heir of its adopter. To hold that the adopted child cannot take an heir's portion of the estate of the natural son of the adopting parents would require a strict and narrow construction of the

statute. The authorities are not in harmony as to whether such statutes are to be construed strictly or with a tendency to liberality, in order that the primary purpose of such statutes, which is to promote the welfare of unfortunate children, may be carried into effect. Many of the cases adhere to a strict construction, but the prevailing tendency of the more modern authorities is in the direction of a liberal construction. *Batcheller-Durkee v. Batcheller,* 39 R. I. 45, 97 Atl. 378.

While the question involved in *Van Brocklin v. Wood,* 38 Wash. 384, 80 Pac. 530, was not the same as here presented, the court's view of the statute there expressed would indicate that the adoption statute was not to be given a strict construction. The statute of descent, Rem. Code, § 1341, subd. 3, provides that: "If there be no issue, nor husband nor wife, nor father and mother, nor either, then in equal shares to the brothers and sisters of the decedent, . . ." If the adopted daughter is not permitted to inherit, it would require a holding that, under this statute, she was not to be considered a sister of John Masterson. In other words, that the natural child and the adopted child of the same parents are not to be considered brothers or sisters. This would be giving a meaning to the words brothers and sisters, as used in the statute, other than what those words are commonly understood to have. We think the trial court properly held that Gertrude Lloyd, the sister by adoption, had a right to inherit as though she were the natural child of her adopted parents.

Many cases from other jurisdictions have been called to our attention. Adoption statutes have been enacted in a large number of the states. Practically all of these statutes are materially different from the statute of this state. In some of them there is express language which would indicate that it was the intention

of the legislature that an adopted child should not inherit as though it were a natural child, except from its adopted parents. In others the language used is much less comprehensive than is that embodied in the statute of this state. It is unnecessary to review the decisions construing these statutes, because each decision is rendered having in mind the language of the statute which was then before the court for construction. There is, however, one statute, that of the state of Ohio, which is substantially the same as our statute and in almost the identical language. The supreme court of that state, in *Phillips v. McConica*, 59 Ohio St. 1, 51 N. E. 445, 69 Am. St. 753, in construing the statute, expressed a view different from that above indicated. But that court held that the statute must be "strictly construed." Since we have declined to adopt the rule of strict construction, the Ohio case cannot be regarded as persuasive authority.

The other branch of this case, that of the claim, presents largely a question of fact. It will be admitted that the rule is that, when one seeks to establish a claim against an estate for extra services rendered the deceased during his lifetime, where regular payment for services was received under the original contract, the burden of showing an agreement for such extra services, either express or implied, is on the one asserting the claim; and that, where payments have been made on the original contract at regular and stated periods, it is the presumption that such payments were received as full compensation for the services rendered. The evidence in support of the claim for extra compensation must be of the clearest and most convincing character. *Rosseau v. Rouss*, 180 N. Y. 116, 72 N. E. 916.

In this case the evidence meets the requirements of the rule stated. It shows that no part of the sums

paid prior to the death of John Masterson were for the nursing upon which the claim in controversy is based. The money received was for room and board and for other articles for the use and benefit of the deceased. In addition to the other testimony, A. K. Rice, who had been the guardian of the person and estate of John Masterson, and who appears to be a disinterested and credible witness, expressly testified that no payment had been made Mrs. McManis for nursing, and that there was to be a charge for that service later. The record presents no reason for disturbing the holding of the trial court upon the allowance of the claim. The decision of this question is not to be construed as encouraging the withholding of questionable claims until after the death of the party claimed to be indebted and then presenting them against the estate. It would undoubtedly have been better practice in this case to have presented to the guardian from time to time a claim for nursing, so that it could be allowed and paid in due course. As above indicated, since the evidence clearly and convincingly establishes a just claim for nursing, based upon an understanding with the guardian, its allowance by the trial court is approved.

The judgment will be affirmed.

HOLCOMB, C. J., MITCHELL, TOLMAN, and MACKINTOSH, JJ., concur.