[No. 18461. Department One. March 6, 1924.]

## In the Matter of the Estate of D. C. McCorkle, Deceased.

### L. L. DAVIS, as Guardian etc., Respondent, v. KATHERINE M. McCORKLE, Appellant.[1]

HUSBAND AND WIFE (63)—COMMUNITY PROPERTY—CONTRACTS BETWEEN HUSBAND AND WIFE. The community interest of a wife is not divested by an agreement with the husband giving him the use and possession of the real estate for life, appointing him agent of the community for a limited time to make a sale which he did not make, and an option to purchase which he did not exercise.

EXECUTORS AND ADMINISTRATORS (59)—ALLOWANCE TO WIDOW—ADOPTED CHILD AS "ISSUE"—STATUTES—CONSTRUCTION. An adopted child is "issue" of the parties, within Rem. Comp. Stat., § 1474, authorizing the award of a homestead to the surviving spouse, and providing that it shall not be taken from separate property of the deceased otherwise disposed of by will, where there are no minor children living as the "issue" of the surviving spouse and the deceased.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 24, 1923, vacating an order setting aside property to a surviving spouse, after a hearing before the court. Reversed.

*Solon T. Williams* and *A. J. Allen,* for appellant.

*. J. C. Hauschild, H. G. Rowland,* and *Dix H. Rowland,* for respondent.

TOLMAN, J.—In January, 1922, D. C. McCorkle and Katherine M. McCorkle, his wife, entered into a written agreement with respect to their property and property rights, which, so far as material here, reads as follows:

[1]Reported in 223 Pac. 1038.

"This agreement, made and entered into this 25th day of January, 1922, between Katherine M. McCorkle, party of the first part, and D. C. McCorkle, party of the second part,

"Witnesseth: That, for and in consideration of the covenants and agreements hereinafter expressed, the parties to this agreement agree as follows:

"Party of the first part does, by these presents, grant, bargain, sell and convey into the party of the second part, all her right, title and interest in and to the community personal property which is now located upon the farm belonging to the parties of this agreement, which said farm is located near Centralia, in Lewis County, Washington.

"Party of the first part hereby agrees that party of the second part shall have the use of all of the following described property, to-wit:

"Seventeen (17) Acres in the southeast quarter of the Northwest quarter (SE¼ of NW¼), and Five (5) Acres in the Northeast quarter of the southwest quarter (NE¼ of SW¼), and also Two (2) Acres additional purchased from the Lincoln Creek Lumber Company, which land immediately adjoins the above-described tracts, all of the aforesaid property lying and being in Section thirty-four (34) Township Fifteen (15) North of Range Three (3) West of W. M., in Lewis County, State of Washington.

"Party of the second part hereby agrees that he will sell and dispose of the aforesaid property as soon as possible, and the net proceeds of said sale shall be divided equally with party of the first part.

"Party of the first part hereby agrees that, in the event that party of the second part is unable to make a sale of said lands and premises within thirty (30) days from the date of this agreement, and in the event that party of the second part thereafter is able to obtain a loan upon said premises in the sum of Two Thousand ($2,000.00) Dollars, party of the first part hereby agrees to convey to party of the second part all of her right, title and interest in and to said lands and premises, for and in consideration of the payment

to her of the sum of Two Thousand ($2,000.00) Dollars.

"Party of the second part hereby agrees to pay to party of the first part a sum which will be equal to seven per cent per annum on two thousand dollars until the above-described property has been sold by the parties hereto, or until party of the first part has conveyed her interest to said property to party of the second part."

Thereafter the wife brought suit for divorce and an interlocutory decree was entered therein on April 13, 1922. This decree is entirely silent as to the property and property rights of the parties. No final decree has ever been entered. D. C. McCorkle died in Pierce county on February 20, 1923, leaving a last will by the terms of which all of his property was, under certain restrictions, devised to a daughter theretofore adopted by both the husband and wife and then about fourteen years of age. There were no other minor children.

The widow applied for letters of administration with the will annexed, which application was resisted by the executor and trustee named in the will, and before the hearing a guardian *ad litem* was appointed for the minor devisee. The objections were overruled, the widow was appointed administratrix with the will annexed, duly qualified, gave notice to creditors, and filed an inventory and appraisement.

Thereafter she petitioned to have all of the estate set aside to her as surviving spouse in lieu of homestead. Notice was given, a hearing had, and the prayer of her petition granted. No guardian *ad litem* was appointed for the minor at this hearing, and no notice of this application was given to the prosecuting attorney of Pierce county, who had been appointed guardian *ad litem* in the hearing upon the application for letters of administration. Thereafter one L. L. Davis, the

natural father of the minor, procured his own appointment as the guardian of the person and estate of the minor, and in that capacity filed a petition for the vacation of the order setting aside the property to the surviving spouse. From a judgment granting the prayer of the guardian's petition and setting aside the homestead award, the widow has appealed.

There is but little if any contention that the interlocutory decree of divorce affects the situation which we have now to consider, and, in any event, the rule defined in *In re Martin's Estate,* 127 Wash. 44, 219 Pac. 838, sets that matter at rest. The allegations of fraud and of the under-valuation of the estate were either abandoned below or are not pressed here, and therefore need not be considered. The personal property was of little value, and it seems to be agreed that the only contest here is that relating to the real estate.

Appellant bases her claim to the property upon §§ 1473 and 1474, Rem. Comp. Stat. [P. C. §§ 9893, 9894], and respondent relies upon the proviso in the latter section, which reads:

"Provided, that the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue of the surviving spouse and the deceased."

The contention being that, by virtue of the property agreement from which we have quoted, the real estate became the separate property of the husband and that an adopted child cannot be "issue" within the meaning of the statute. We think neither contention can be sustained. The contract gives to the husband the use and possession of the real estate, which would end with his life, but conveys no title. It appoints him the agent of the community for a limited time to make a

sale, but he made no sale. It gives him an option to purchase, which option was never exercised either in the lifetime of the husband or, if that would be permissible, by his personal representative after his death, and therefore the community interest in the wife was not in anywise divested by the contract.

The wording of the proviso in § 1474 above quoted is somewhat different from the language of the statute on adoption (Rem. Comp. Stat., § 1699) [P. C. § 9816], yet as the latter was construed in *In re Masterson's Estate,* 108 Wash. 307, 183 Pac. 93, the words mean identically the same thing, and we are convinced that an adopted child is "issue" within the meaning of the statute under consideration.

The trial court, while perhaps rightly entertaining the petition because the minor was not represented when the property was set aside, should, the minor having then appeared, have confirmed the previous order.

The judgment appealed from is therefore reversed, with directions to confirm the order setting aside the property to the widow.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.