[No. 18685. Department Two. December 5, 1924.]

*In the Matter of the Estate of* WALTER E. WADDELL, *Deceased.*[1]

ADOPTION (11)—DESCENT AND DISTRIBUTION (4-1)—KINDRED—DEGREES—INHERITANCE BY ADOPTED CHILD. Under Rem. Comp. Stat., § 1699, providing that an adopted child shall be, to all intents and purposes, the legal heir of the adopter and entitled to all the "rights and privileges" of a natural child, an adopted child inherits from a brother of the adopter.

SAME (11). Under Rem. Comp. Stat., § 1341, providing that, in the absence of issue, father, mother, brother or sisters, the estate shall go to the next of kin, in equal degrees, excepting that those claiming through the nearest ancestors are preferred to claims through ancestors more remote, an adopted child inherits from a brother of the adopter to the exclusion of first cousins of such brother; notwithstanding the proviso to the section that, in case of the subsequent decease of the adopted child without issue, the property of the adopting parents shall go to their next of kin and not to the next of kin of the adopted child.

Appeal from a judgment of the superior court of Snohomish county, Alston, J., entered March 24, 1924, decreeing distribution of an estate, after a hearing on the merits. Affirmed.

[1]Reported in 230 Pac. 822.

*Louis A. Merrick* and *Robert F. Sandall,* for appellants.

*Wm. H. Pratt* and *M. J. Gordon,* for respondents.

MITCHELL, J.—This appeal calls in question the decree of distribution entered by the superior court in the matter of the estate of Walter E. Waddell, a bachelor, who died intestate in Snohomish county in June, 1923. On one side, the parties are the adopted children (one of whom is represented by an assignee of all his interest) of a predeceased brother of Walter E. Waddell; and on the other side, are the first cousins, or their representatives, of Walter E. Waddell, deceased. The trial court decided in favor of the adopted children, from which judgment the other parties have appealed.

Counsel agree, as they should, that the statute of descent of property and the one on the subject of adoption are both involved. As to the first, subd. 5 § 1341, Rem. Comp. Stat. [P. C. § 9847] which is applicable here, provides:

"If the decedent leaves no issue, nor husband nor wife, and no father nor mother, nor brother nor sister, the estate must go to the next of kin, in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestors must be preferred to those claiming through an ancestor more remote, . . . "

As to the other, § 1699, Rem. Comp. Stat. [P. C. § 9816], entitled, "Effect of Adoption—Descent of Property," provides:

"By such order the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and

legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: Provided, that on the decease of parents who have adopted a child or children under this chapter and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children.''

*Van Brocklin v. Wood*, 38 Wash. 384, 80 Pac. 530, was a case wherein a testator had died, leaving an adopted child not named in the will, and it was held that the testator should be deemed to have died intestate as to such child, as though such child had been born of the testator's blood. In the opinion, after quoting the statute on adoption, it was said:

''We have found no statute of any other state which goes further than this statute toward making the rights of the adopted children equal to those of the blood, and none has been called to our attention. No decisions have been cited to us which have construed the effect of similar statutes upon the status of an adopted child. It seems to us that, under the plain provisions of our statute, a child adopted under it has all the rights and privileges, and to the same extent, as one born in lawful wedlock, because the statute expressly says 'the child . . . shall be to all intents and purposes the child and legal heir of his or her adopter . . . entitled to all the rights and privileges . . . of a child of the adopter or adopters, begotten in lawful wedlock.' This statute we think was intended to, and does, confer upon the adopted child more than the ordinary right of inheritance; for, in addition to making it the child and legal heir, as is done in some states, the statute proceeds to say that such child is entitled to all the *rights and privileges* of a child begotten in lawful wedlock. It is difficult to conceive of language which would clearly or definitely give to an adopted child all the

rights of one born in lawful wedlock, if the language quoted in this section does not do so.''

In the case of *In re Masterson's Estate,* 45 Wash. 48, 87 Pac. 1047, 122 Am. St. 886, both the natural mother and grandmother preferred the claim as a matter of law to the guardianship of a minor after the death of the minor's adoptive mother. In denying the claim this court, upon quoting the statute on adoption, said:

''And we are constrained to hold that, by virtue of this section and the decree of adoption, the natural mother waived and forfeited any right or claim she might have under § 6399, *supra*. By the decree of adoption the child became, to all intents and purposes, the child of her adoptive mother and continued to be such even after her death. The natural parent, by her voluntary act in consenting to the adoption of her child by another, became divested of all legal rights and obligations in respect to such child, and the situation was not changed by the death of the adoptive parent.''

In the case of *In re Masterson's Estate,* 108 Wash. 307, 183 Pac. 93, construing these statutes together, it was held that an adopted child inherited an heir's portion of the estate of the natural son of the adopting parents. In the opinion it was said:

''One of the rights or privileges of a natural child is to inherit from a brother or sister, the natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has. The statute says that such adopted child shall be entitled to all the rights and privileges as though it were begotten in lawful wedlock and to all intents and purposes shall be the child and legal heir of its adopter. To hold that the adopted child cannot take an heir's portion of the estate of the natural son of the adopting parents would require a strict and narrow construction of the statute. The authorities are not in harmony as to whether such statutes are to be construed strictly or with a tendency

to liberality, in order that the primary purpose of such statutes, which is to promote the welfare of unfortunate children, may be carried into effect. Many of the cases adhere to a strict construction, but the prevailing tendency of the more modern authorities is in the direction of a liberal construction. *Batcheller-Durkee v. Batcheller,* 39 R. I. 45, 97 Atl. 378.''

One of the rights or privileges of a natural child, under the law of this state, is to inherit from an uncle, if such natural child is the nearest of kin according to the statute of descent; and ''if the adopted child does not have the same right, then it is denied a right or privilege which the natural child has.'' The way to ascertain the meaning of this statute is to simply observe its terms, which are seen to be so simple, plain and unambiguous that it may be said they are not open to construction. The descent and distribution of the property of a person dying intestate is a matter of legislative control, and it is no more the concern of one that the legislature has provided that his brother's adopted child shall inherit one's property than it is to provide that his brother's natural child shall inherit it.

There are cases from other jurisdictions that appear to hold contrary to our views, but upon examination they will be found to rest generally upon statutes or rules of construction different from ours. Appellants cite a number of cases all of which were at hand in our consideration of the case of *In re Masterson's Estate,* as shown by the list of appellant's authorities, set out in the report of that case in 108 Wash. 307. Upon this particular feature of the case, we said in the 108 Wash. case:

''Many cases from other jurisdictions have been called to our attention. Adoption statutes have been enacted in a large number of the states. Practically all of these statutes are materially different from the statute of this state. In some of them there is express

language which would indicate that it was the intention of the legislature that an adopted child should not inherit as though it were a natural child, except from its adopted parents. In others the language used is much less comprehensive than is that embodied in the statute of this state. It is unnecessary to review the decisions construing these statutes, because each decision is rendered having in mind the language of the statute which was then before the court for construction. There is, however, one statute, that of the state of Ohio,. which is substantially the same as our statute and in almost the identical language. The supreme court of that state, in *Phillips v. McConica*, 59 Ohio St. 1, 51 N. E. 445, 69 Am. St. 753, in construing the statute, expressed a view different from that above indicated. But that court held that the statute must be 'strictly construed.' Since we have declined to adopt the rule of strict construction, the Ohio case cannot be regarded as persuasive authority.''

Wyoming has a statute which reads:

''Minor children adopted as aforesaid, shall assume the surname of the persons by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs at law of the persons thus adopting them, unless the rights of property should be excepted in the agreement of adoption.'' (§ 3964, Wyoming Comp. Stat. 1910.)

Under that statute, it was held, in *In re Cadwell's Estate*, 26 Wyo. 412, 186 Pac. 499, that a son by adoption became a legal heir of the intestate brother of the adoptive father who died prior to the intestate brother, and among other cases cited in the opinion and relied on is our case of *In re Masterson's Estate*, 108 Wash. 307, 183 Pac. 93.

Later, the supreme court of Kansas had a similar case presented to it in *Denton v. Miller*, 110 Kan. 292, 203 Pac. 693. The Kansas court said:

''The appellant contends that, while it has been determined that an adopted child inherits from a lineal

ancestor of the adopting parent (*Riley v. Day,* 88 Kan. 503, 129 Pac. 524, 44 L. R. A. (N. S.) 296, it does not inherit from a collateral relative. As suggested in *Malaney v. Cameron,* 99 Kan. 70, 71, 161 Pac. 1180, the usual rule elsewhere appears to be contrary to that of Kansas, but this is largely, if not wholly, due to a difference in the statutory provisions affecting the matter. Our statute provides that an adoption order shall declare the minor child to be 'the child and heir' of the adopting parent (Gen. Stat. 1915, § 6362), 'entitled to the same rights of person and property as children or heirs at law' of such parent (section 6363). This court has uniformly given full force to this language as it stands without lessening its effect by interpretation. Thus it holds that a child inherits from an adopting parent notwithstanding a subsequent adoption by another (*Dreyer v. Schrick,* 105 Kan. 495, 185 Pac. 30), and it has recently said that an adopted child was included within the term 'lineal descendant' (*Emerson v. Peters,* decided December 10, 1921, 202 Pac. 601). We see no reason, under our statute as we have construed it, for making a distinction between a child by adoption and a child by birth, with respect to its right to inherit from any source.''

Attention is called by appellants in the present case to that portion of the adoption statute which reads:

''Provided, that on the decease of parents who have adopted a child or children under this chapter and the subsequent decease of such child or children without issue, the property of such adopting parents shall descend to their next of kin, and not to the next of kin of such adopted child or children.''

Therefrom it is argued on behalf of the appellants that ''it is safe to say that the legislature does not contemplate that a total stranger by blood is to inherit simply because of an adoption statute.'' We cannot agree that the argument is sound. In the present case, we are considering the rights of adopted children, while the proviso in question deals with the descent of

property inherited by an adopted child where such child dies without issue after the decease of the adopting parents. The legislature in its power could have provided that, under the circumstances mentioned in the proviso, the property should escheat to the state. The proviso cannot be held to alter or militate against the rights of an adopted child as they are clearly defined in the body of the statute.

Judgment affirmed.

MAIN, C. J., PEMBERTON, FULLERTON, and PARKER, JJ., concur.