[No. 19128. Department One. May 13, 1925.]

*In the Matter of the Estate of* Elkanah Hebb,
*Deceased.*

Stephen E. Chaffee, *as Executor etc., Appellant,* v.
Nellie Hebb Morris, *as Guardian etc.,*
*Respondent.*[1]

Adoption (11)—Inheritance by Adopted Children. In view of Rem. Comp. Stat., § 1699, providing that an adopted child has the same rights and privileges as a child born in lawful wedlock, such child is a "descendant" of the adopters, within Rem. Comp. Stat., § 1402, providing that a child not named in the parents' will shall take as though the testator died intestate.

Witnesses (36)—Transaction With Party Since Deceased—Parties Excluded—Guardian. The guardian of an adopted child, suing an executor for an interest in the adoptive parents' estate, is not incompetent as a party in interest, within Rem. Comp. Stat., § 1211.

Wills (65)—Construction—Evidence to Show Intention. Proof of the testator's intention, outside the will itself, is not admissible for the purpose of avoiding the effect of the statute permitting a child not mentioned in the will to inherit as though the testator had died intestate.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered December 27, 1924, distributing an estate upon final settlement. Affirmed.

[1]Reported in 235 Pac. 974.

*Stephen E. Chaffee,* for appellant.

*Henry H. Wende,* for respondent.

MAIN, J.—The question in this case is whether an adopted child is a "descendant" of his adoptive parents. The facts out of which the litigation arose may be summarized as follows: On December 14, 1908, Fred F. Hebb and Nellie Hebb were husband and wife, and on that day they adopted Marion Elkanah Hebb, then a child of tender years. Fred F. Hebb died on July 28, 1912. He was the natural son of Elkanah Hebb, who died on April 30, 1924, leaving a last will and testament. At the time of his death, Elkanah Hebb was survived by a natural son, Jesse C. Hebb, and an adopted daughter, Josephine Gray Hebb. No mention is made in the will of Elkanah Hebb of Marion Elkanah Hebb, the adopted son of Fred F. Hebb. Nellie Hebb Morris was appointed the guardian of Marion Elkanah Hebb, and filed a petition setting forth in substance the facts as stated, and asking that the same portion of the estate of Elkanah Hebb be awarded to Marion Elkanah Hebb that he would be entitled to receive if Elkanah Hebb had died intestate. The executor of the will resisted this petition. The trial resulted in a judgment awarding to Marion Elkanah Hebb that portion of the estate of his grandfather Elkanah Hebb which he would be entitled to had he died intestate. From the judgment so entered the executor appeals.

If the adopted child, under the statutes and holdings of this court, is to be given the status of a "descendant" of his adoptive father, then the judgment of the trial court should be affirmed. On the other hand, if he is not to be given that status, then the judgment should be reversed. To determine the question, an examination not only of the will statute, but of the statute of adoption, is necessary.

Section 1402, Rem. Comp. Stat. [P. C. § 10029], provides:

"If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part."

Under this statute, if a person make his last will and die leaving a child or children or "descendants of such child or children not named or provided for in the will," then such child or children or their descendants shall take as though he died intestate. In the present case, the concrete question is whether Marion Elkanah Hebb was a descendant of his adoptive father. The section of the adoption statute which is here material is § 1699, Rem. Comp. Stat. [P. C. § 9816], and reads as follows:

"By such order the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock: . . ."

This statute has, on a number of occasions, been before this court, and the effect of the cases has been to give it a construction which places an adopted child in exactly the same position as a natural child so far as that is possible. In other words, to make the status the

same as to all rights, privileges and obligations. In *Van Brocklin v. Wood*, 38 Wash. 384, 80 Pac. 530, referring to this statute it was said:

"This statute we think was intended to, and does, confer upon the adopted child more than the ordinary right of inheritance; for, in addition to making it the child and legal heir, as is done in some states, the statute proceeds to say that such child is entitled to all the *rights and privileges* of a child begotten in lawful wedlock. It is difficult to conceive of language which would clearly or definitely give to an adopted child all the rights of one born in lawful wedlock, if the language quoted in this section does not do so."

In *In re Masterson's Estate*, 45 Wash. 48, 87 Pac. 1047, 122 Am. St. 886, it was said:

"By the decree of adoption the child became, to all intents and purposes, the child of her adoptive mother and continued to be such even after her death."

One of the rights and privileges of a natural child is to inherit property as a descendant of its parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has, and the holding in the *Van Brocklin* case, *supra,* was that the adopted child was entitled to all the rights and privileges of a child begotten in lawful wedlock.

In *In re Masterson's Estate*, 108 Wash. 307, 183 Pac. 93, it is said:

"One of the rights or privileges of a natural child is to inherit from a brother or sister, the natural son or daughter of the same parents. If the adopted child does not have the same right, then it is denied a right or privilege which the natural child has. The statute says that such adopted child shall be entitled to all the rights and privileges as though it were begotten in lawful wedlock and, to all intents and purposes, shall be the child and legal heir of its adopter. To hold that the adopted child cannot take an heir's portion of the estate of the natural son of the adopting parents would

require a strict and narrow construction of the statute. The authorities are not in harmony as to whether such statutes are to be construed strictly or with a tendency to liberality, in order that the primary purpose of such statutes, which is to promote the welfare of unfortunate children, may be carried into effect. Many of the cases adhere to a strict construction, but the prevailing tendency of the more modern authorities is in the direction of a liberal construction.''

In *In re McCorkle's Estate,* 128 Wash. 556, 223 Pac. 1038, it was held that an adopted child was an ''issue'' within the meaning of § 1474, Rem. Comp. Stat. [P. C. § 9894], which covers the matter of awarding homesteads in probate proceedings. It was there said:

''The wording of the proviso in § 1474 above quoted is somewhat different from the language of the statute on adoption (Rem. Comp. Stat., § 1699) [P. C. § 9816], yet as the latter was construed in *In re Masterson's Estate,* 108 Wash. 307, 183 Pac. 93, the words mean identically the same thing, and we are convinced that an adopted child is 'issue' within the meaning of the statute under consideration.''

In the recent case of *In re Waddell's Estate,* 131 Wash. 566, 230 Pac. 822, the previous holdings of this court were reviewed and adhered to.

Some point is made in the appellant's brief of the fact that the will statute was passed long prior to the adoption statute. This question was covered in *Van Brocklin v. Wood, supra,* where it was said:

· ''This statute was passed some twenty years before the adoption statute above quoted and, even if the legislature then intended it to apply to natural born children, we think that adopted children, who are given all the rights of natural born children under the later statute, should be held to be included within its terms.''

The case of *State ex rel. Walton v. Yturria,* 109 Tex. 220, 204 S. W. 315, is distinguishable. The adoption statute of the state of Texas there under consideration

is materially different from the statute of this state and the holding in that case is not persuasive authority as against the position which this court has repeatedly taken on similar questions.

Our conclusion on this branch of the case is that the trial court was right in holding that, under the statutes and the decisions of this court, an adopted child is a descendant of his adoptive parents.

Upon the trial, evidence was offered over the objection of the executor, to the effect that Elkanah Hebb knew of the adoption of Marion Elkanah Hebb by his son Fred T. Hebb and wife and approved thereof. This was testified to by the guardian. Whether the evidence was material it is not necessary here to inquire and no opinion is expressed upon that question. Under § 1211, Rem. Comp. Stat. [P. C. § 7722], the guardian was not an incompetent witness.

The executor also complains of the ruling of the trial court in rejecting evidence offered by him by which it was sought to show that Elkanah Hebb, for definite reasons, did not intend that Marion Elkanah Hebb should share in his estate. This evidence was properly rejected. Proof of the testator's intention outside of the language of the will itself is inadmissible for the purpose of avoiding the effect of the statute which permits a child, children or descendants of such child or children to take under the inheritance statute, if they are not mentioned in the will: *Bower v. Bower,* 5 Wash. 225, 31 Pac. 598; *Hill v. Hill,* 7 Wash. 409, 35 Pac. 360; *Purdy v. Davis,* 13 Wash. 164, 42 Pac. 520.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.