# 300

[No. 3397-43396-1.    Division One.    April 12, 1976.]

*In the Matter of the Estate of* MINNIE M. HASTINGS.
ERMINIE JEAN HASTINGS RUGGLES, *Appellant,* v. SEATTLE-
FIRST NATIONAL BANK, *as Executor,* ET AL, *Respondents.*

*Reaugh, Hart, Allison, Prescott & Davis, J. E. Fisch-naller,* and *Dan Reaugh,* for appellant.

*Davis, Wright, Todd, Riese & Jones, F. Steven Lathrop, Preston, Thorgrimson, Ellis, Holman & Fletcher, Ronald E. Cox, A. Timothy L. Williamson, Rodman B. Miller, Quigley, Hatch, Loveridge & Leslie, Edward M. Holpuch, Jr.,* and *Philip J. Weiss,* for respondents.

SWANSON, J.—QUAERE: When the child of a testatrix was deceased at the time the will was made and the testatrix neither named nor provided for the deceased child or one of the descendants of the deceased child, does RCW 11.12.090[1] require that the testatrix be deemed to have died

[1]"Intestacy as to pretermitted children. If any person make his last will and die leaving a child or children or descendants of such child or children not named or provided for in such will, although born after the making of such will or the death of the testator, every such testator, as to such child or children not named or provided for, shall be deemed to die intestate, and such child or children or their descendants shall be entitled to such proportion of the estate of the testator,

intestate as to the deceased child? We answer in the negative and affirm.

On March 7, 1956, Minnie Hastings executed her last will, and on May 7, 1971, she died. During her lifetime Mrs. Hastings had three children, all of whom predeceased both the date of her death and the execution of her will. Two of these three children died leaving no descendants, but Mrs. Hastings' third child, Harlow, was survived by two children—Douglas Hastings and Erminie Hastings Ruggles[2]—and two grandchildren—the sons of Douglas Hastings. The will executed by Minnie Hastings on March 7, 1956, names and provides for Douglas Hastings and his two children; however it does not name or provide for Minnie Hastings' predeceasing son, Harlow, or his daughter, Erminie Hastings Ruggles, who instituted this action to obtain a decree declaring her to be a pretermitted heir of Minnie Hastings, within the operation and under the protection of RCW 11.12.090. From a decree declaring that she is not among the classes of persons entitled to relief under RCW 11.12.090 and dismissing her petition, Erminie appeals.

The briefs filed in this case are thoroughly researched and well presented and aimed in large part at the Supreme Court. This is because the facts of *In re Estate of Halle*, 29 Wn.2d 624, 188 P.2d 684 (1948), are sufficiently similar to those of the instant case that appellant concedes the two cases to be "legally indistinguishable from each other," and the Supreme Court concluded in *Halle* at page 635 "that when a child of a testator is deceased at the time the will is made, § 1402 does not require that the testator name or provide for either such deceased child or the descendants of such deceased child."

---

real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." RCW 11.12.090.

[2] As the parties agree, application of RCW 11.12.090 is unaffected by the fact that Erminie is the adopted, rather than natural, child of Harlow Hastings. *In re Estate of Hebb*, 134 Wash. 424, 235 P. 974 (1925).

*In re Estate of Halle* is the law in Washington and controls the case at bench.[3]

Affirmed.

FARRIS and JAMES, JJ., concur.

Petition for rehearing denied June 29, 1976.

Review granted by Supreme Court November 10, 1976.

---

[3]A contrary result was reached on similar facts in *In re Estate of Hebb,* 134 Wash. 424, 235 P. 974 (1925), but a careful reading of that opinion and the briefs filed in that case discloses that the sole question presented was "whether an adopted child is a 'descendant' of his adoptive parents", *In re Estate of Hebb, supra* at 425. We note also that *Hebb* was cited and quoted by the respondent in *Halle,* Brief of Respondent at 26, *In re Estate of Halle, supra,* yet the *Halle* court stated at page 635 that no case called to its attention had passed upon the question there presented.