[No. 9628. Department One. October 9, 1911.]

*In the Matter of the Guardianship of the Persons and Estates of* CLYDE GUY SROUFE *et al.*

NELLIE L. CLARK *et al., Respondents,* v. ADRIAN H. SROUFE, *Appellant.*[1]

APPEAL—DECISIONS REVIEWABLE—FINAL ORDERS—VACATING JUDGMENT. An order vacating an order requiring a guardian to file a new account is not appealable, since it is not a final order.

Appeal from an order of the superior court for King county, Frater, J., entered January 11, 1911, vacating an order discharging a guardian. Dismissed.

[1]Reported in 118 Pac. 18.

*L. H. Wheeler,* for appellant.

*Mitchell & Lawrence,* for respondents.

PER CURIAM.—The appellant was appointed guardian of the persons and estates of the minors named in the caption. Thereafter he rendered his final account, and prayed for a settlement thereof and for his discharge as such guardian and that his bond be exonerated. The court entered an order as prayed for. Subsequently the minors filed an application for a vacation of the order of discharge. This application was heard and the order of discharge was vacated. The guardian's bond was reinstated, and appellant was ordered to file a new account. Afterwards an order was made requiring the guardian to file an additional bond. The guardian has appealed from the order which vacated the order of discharge and the approval of his account and reinstated the original bond.

The respondents move to dismiss this appeal upon the ground, among others, that the order appealed from is not a final or appealable order. This motion must be sustained. We have frequently held that an order vacating a judgment is not an appealable order. *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78; *Sengfelder v. Powell-Sanders Co.,* 40 Wash. 686, 82 Pac. 931; *In re Sinclaire's Estate,* 44 Wash. 119, 86 Pac. 1117. The order vacated had no greater force than a judgment, and is not a final appealable order. The appeal is therefore dismissed.