[No. 20499. Department One. March 8, 1927.]

*In the Matter of the Estate of* FRANCENA ROBINSON, *Deceased.*[1]

[1] APPEAL (53-1)—FINALITY—PROVISIONAL REMEDIES—DISCOVERY. The initiatory order in discovery proceedings, under Rem. Comp. Stat., § 1472, directing the administrator to commence summary proceedings to uncover assets of the estate, is not appealable as a final order, under either Id. § 1591 or § 1716.

[2] APPEAL (63)—AFFECTING SUBSTANTIAL RIGHTS. Neither is such an order appealable under § 1716, subdiv. 6, as an order affecting a substantial right which in effect determines the action, prevents final judgment, grants a new trial, or reviews an award.

Appeal from an order of the superior court for King county, Smith, J., entered January 10, 1927, in favor of an heir for the discovery of assets of a decedent's estate. Appeal dismissed.

W. T. Perkins and Tucker, Hyland & Elvidge, for appellant.

Roberts & Skeel and O. R. Holcomb, for respondent.

[1] Reported in 253 Pac. 816.

MITCHELL, J.—In the course of probate proceedings in the superior court of King county, in the matter of the estate of Francena Robinson, deceased, upon a showing made by one of the heirs, an order was entered directing the administrator of the estate to proceed by petition in the probate court to have one Harry W. Robinson examined as to money, securities, documents and papers which it was claimed belonged to the estate and unlawfully withheld by him. The order was made over the protest of the administrator, who has appealed.

[1] The interested party upon whose application the order was made, as respondent here, has moved a dismissal of the appeal on the ground that the order is not appealable. The order complained of is simply initiatory of summary proceedings for the discovery of assets, authorized by statute. Rem. Comp. Stat., § 1472 [P. C. § 9928]. For the purposes of the case it may be admitted, without a decision upon that question, that the administrator, a general trustee with respect to the rights of all the beneficiaries of the estate and amenable to the orders of the court from which the administrator derives his powers and authority, has an appealable interest. Nevertheless, the vital and sole question in the case is whether or not the order is one from which an appeal may be taken. Rem. Comp. Stat., § 1591 [P. C. § 9824], which is § 221 of the probate code of 1917, p. 706, provides:

"Any interested party may appeal to the supreme court from any final order, judgment or decree of the court. . . ."

The order involved in this case is no more final under the statute than an order fixing time, place and newspaper for the publication of the notice of hearing a final account and petition for distribution, or an order prescribing notice to be given of a petition to sell or mort-

gage real property of an estate, or any other similar order. The order is not against the administrator; it is to him. It is nothing more than a preliminary step in the administration of the estate under the direction and supervision of the court. It simply directs him to formally commence summary proceedings to uncover assets alleged to belong to the estate. Later on there may be a final order, but this one is not such an order. Nor does the general appeal statute, Rem. Comp. Stat., § 1716 [P. C. § 7290], apply. Leaving out, for the moment, subd. (6) of that statute, it may be said, without quoting the statute, that none of its provisions is applicable here.

[2] Nor, indeed, is subd. (6) applicable. It provides:

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them."

Still assuming, but not deciding, that the administrator has a substantial right in the premises, this order does not in effect determine or pretend to determine any action or proceeding or prevent a final judgment; on the contrary, it directs the commencement of a proceeding. Nor does it discontinue any action. Nor does it grant a new trial. Nor does it set aside or refuse to affirm an award of arbitrators or refer the cause back to them.

In our opinion the order is not an appealable one. The motion to dismiss the appeal must be and it is granted.

Mackintosh, C. J., Fullerton, and French, JJ., concur.