[No. 23287. Department One. May 2, 1932.]

WILLIAM H. GORMAN, *Respondent*, v. MINNIE G. COOK, *Individually and as Executrix and Trustee, Appellant.*[1]

[1]Reported in 10 P. (2d) 996.

*F. W. Moore* and *Tucker & Tucker,* for appellant.

*Karr & Gregory* and *George F. Hannan,* for respondent.

HERMAN, J.—Thomas Wren Gorman, a resident of Kitsap county, Washington, died in that county in 1929. He left an estate appraised at $176,159.01. A supplemental inventory was thereafter filed. In June, 1931, the executrix filed an account showing the estate had been increased by the income to a total of over $200,000.

Decedent left surviving him as his heirs two daughters and a son, all adults. He left a non-intervention will, dated March 5, 1926, which was modified by a codicil thereto attached and dated November 22, 1928. By the terms of the original will, each of the three children who survived the testator was bequeathed and devised one-third of the estate, and the two daughters and son were named as executrices and executor. The codicil modified the original will by making the two sisters trustees of the third of the estate devised and bequeathed to the son for his use and benefit. However, the nomination of the son, William H. Gorman, as an executor of the will, was allowed to remain in effect.

January 26, 1918, decedent executed an irrevocable deed of trust to three of his children, one of whom was William H. Gorman, conveying his property in trust, and providing, among other things, that, within one year after his death, the property was to be divided among his four children, Minnie G. Cook, Mollie Wiskot, George E. Gorman and William H. Gorman. George E. Gorman, prior to the death of decedent, died unmarried, leaving his father as his heir.

Decedent's will contained a provision that any party attacking the will would forfeit his interest. William H.

Gorman, being dissatisfied with the provision of the will which made his sisters trustees of his interest in his father's property, consulted H. E. Gorman, who had been decedent's attorney, but was no kin of the testator. H. E. Gorman had knowledge of the prior trust deed, which was a public record, and advised testator's son, William H. Gorman, that he could bring an action to show there was no property belonging to the estate, on the ground that it had all passed under the trust deed. If he were successful in that action, he would take under the trust deed and would get his share of the property formerly owned by his father, and thereby defeat the testator's purpose of having his sisters hold as trustees for his use and benefit. William H. Gorman entered into a contract with attorney H. E. Gorman, by the terms of which the lawyer was to receive twenty per cent of all that the son might realize by reason of the proposed suit.

William H. Gorman qualified as executor of his father's will, and, being a non-resident, he appointed attorney H. E. Gorman his representative under the statute. One daughter, Minnie G. Cook, qualified as executrix, and her sister, Mollie Wiskot, qualified likewise, but appointed attorney F. W. Moore as her representative.

Executrices Cook and Wiskot filed an inventory and appraisement, showing the appraised value of the estate to be $176,159.01, but William H. Gorman refused to join in the filing of the inventory and appraisement, and refused to take any part in the management of the estate. Instead, he filed a suit in the superior court, alleging that the property set forth in the inventory and appraisement did not belong to the estate of his deceased father, but had been disposed of by the previously mentioned deed of trust. Judge Sutton was disqualified at the commencement of the probate pro-

ceedings, and Judge Steinert, of Seattle, held a number of hearings in connection with the matter. Finally, a settlement was reached between the parties, the details of which were embodied in a stipulation which was filed in the probate proceedings, and which was joined in by the parties and their attorneys, except that it was not signed by the attorney for Minnie G. Cook and Mollie Wiskot.

Included in the stipulation was a provision for the resignation of William H. Gorman, as executor, the resignation of Mollie Wiskot, as executrix, and that Minnie G. Cook proceed as sole executrix of the estate. In accordance with that agreement, William H. Gorman resigned as executor, and Mollie Wiskot resigned as executrix.

The stipulation contained a further provision for a partial distribution of the estate, and for the retention by the executrix of approximately $25,000 in bonds and securities for the purpose of paying the state and Federal inheritance tax, and for settlement of the controversy with the government as to the amount due by the estate for income taxes not paid by Thomas Wren Gorman, deceased, during his lifetime, and for the payment of court costs and the fees of the executrix and her attorney. The stipulation also provided that the expenses of administration and the fees of the executrix and her attorney should be fixed by the court upon a statement being filed as to the services rendered, without any objection or contest by any of the parties to the stipulation, and without any notice being required.

Shortly after the aforementioned stipulation was signed, Minnie G. Cook presented in open court a statement of services rendered by her, together with that of her attorney, and, after an examination of Mrs. Cook and her sister, Mollie Wiskot, during the course

of which they testified that fees of $7,500 for the executrix and $12,500 for her attorney were satisfactory to them, Judge Adam Beeler allowed such fees.

Plaintiff brought the present suit against his sister on the theory that the action of Judge Beeler in fixing fees was a nullity, so far as plaintiff is concerned, because it was entered without notice to him and in his absence. The basis of plaintiff's action is that the fees were exorbitant, and were allowed pursuant to a collusive agreement between the executrix, her sister and her attorney.

Defendant's demurrer to the complaint was overruled. She then answered, the answer containing some collateral defenses, but the principal reliance of defendant, as shown by her answer, being that the judgment allowing the fees, which was entered by the court after a hearing and in accordance with the stipulation, was a bar to the present action. Plaintiff's reply admitted the execution of the stipulation, but denied that the allowances were made in accordance with it.

The cause came on for hearing before Judge John A. Frater. Opening statements were made by the parties. Plaintiff called attorney H. E. Gorman as his witness. He was permitted to state his name, profession and address. Without any further testimony, Judge Frater, in an order dated June 2, 1931, held void the order fixing the fees entered by Judge Beeler, directed that it be vacated, and required the executrix to file an accounting of the Thomas Wren Gorman estate. A copy of the order entered by Judge Frater, omitting the title, preliminary recitals, date and signature, is here set forth:

"It Is Now Ordered, Adjudged and Decreed as follows: That that certain order made and entered by the Honorable Adam Beeler, sitting as judge in probate cause No. 3523 of the superior court of Kitsap county,

Washington, on April 15, 1930, awarding fees to the executrix, Minnie G. Cook, in the sum of $7,500, and awarding attorney's fees to Fred W. Moore, Esq., her attorney, in the sum of $12,500, be and it is hereby declared to be null and void.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the executrix, Minnie G. Cook, be and she is hereby directed on or before the 12th day of June, 1931, to file in probate cause No. 3523, a full, complete and detailed account showing all moneys and property received by her and also disbursements made by her as executrix under the last will and testament of Thomas Wren Gorman, deceased.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this court retain jurisdiction of this cause for final disposition, said final disposition to be made after the aforementioned report and account has been filed, and the court likewise retains jurisdiction for all intermediate orders in this case necessary or proper pending its final disposition."

From the foregoing order, defendant appeals.

 Respondent moves to dismiss appellant's appeal on the ground that the order appealed from is not an appealable order. In *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78, the court quoted from *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381, as follows:

"We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here by piecemeal . . . The ruling complained of can be reviewed after a final judgment shall have been entered in the cause, and upon an appeal from such judgment a complete and just disposition of the case can be made."

Remington's Compiled Statutes, § 1716, provides as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others,

made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, in case the record sent upon the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof.

"(2) From any order refusing to vacate an order of arrest in a civil action.

"(3) From an order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: Provided, that no appeal shall be allowed from any order denying a motion for a temporary injunction, or vacating a temporary injunction unless the judge of the superior court shall have found upon the hearing, that the party against whom the injunction was sought was insolvent.

"(4) From any order discharging or refusing to discharge an attachment.

"(5) From any order appointing or removing, or refusing to appoint or remove, a receiver.

"(6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them.

"(7) From any final order made after judgment, which affects a substantial right; and an appeal from any such order shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from, in case the record sent upon the appeal, or any supplementary record sent up before the hearing thereof, shall show such previous order sufficiently for the purposes of a review thereof. But an appeal shall not be allowed to the state in any criminal action,

except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits."

Obviously, subsections 2, 3, 4, 5 and 7, and subdivisions 3 and 4 of subsection 6, are not applicable to the case at bar.

The question to be determined by us is whether the order entered by Judge Frater on June 2, 1931, declaring void the order entered by Judge Beeler in the probate proceeding, is a final judgment, or is an order affecting a substantial right in a civil action or proceeding, "which either (1) in effect determines the action or proceeding and prevents a final judgment therein, or (2) discontinues the action." It will be noted that the last paragraph of the order in question provides:

"It is further ordered, adjudged and decreed that this court retain jurisdiction of this cause for final disposition, said final disposition to be made after the aforementioned report and account has been filed, and the court likewise retains jurisdiction for all intermediate orders in this case necessary or proper pending its final disposition."

We must hold that the order complained of is not a final judgment in the present action. A study of the order indicates that it was an attempt to void a previous order by Judge Beeler, to require the executrix to file a complete account in the matter of the estate of Thomas Wren Gorman, who died leaving a non-intervention will, and to retain jurisdiction for all intermediate orders in the present case necessary or proper pending its final disposition. It is not an order "which either (1) in effect determines the action or proceed-

ing and prevents a final judgment therein, or (2) discontinues the action."

In view of the limitations upon the right of appeal prescribed by Rem. Comp. Stat., § 1716, we must hold that the order complained of is not an appealable order. The question whether the trial court was correct in entering the order of June 2, 1931, above referred to, is not before this court.

Appeal dismissed.

TOLMAN, C. J., PARKER, MITCHELL, and MILLARD, JJ., concur.

[1]Reported in 10 P. (2d) 995.