[No. 30255.   Department Two.   January 8, 1948.]

*In the Matter of the Estate of* NELLIE HALLE, *Deceased.*
GLENN T. SAUNDERS, *Respondent,* v. LOUIS HALLE,
*Individually and as Executor, Appellant.*[1]

*Hamblen, Gilbert & Brooke,* for appellant.

[1] Reported in 188 P. (2d) 684.

*Dibblee, Clausen & Gemmill, Richard S. Munter,* and *H. E. T. Herman,* for respondent.

JEFFERS, J.—This is an appeal by Louis Halle, as executor of the estate of Nellie Halle, deceased, and individually, from an order made and entered by the superior court for Spokane county in cause No. 36779, on January 11, 1947. The order appealed from will be more specifically referred to later in this opinion.

Louis Halle and his deceased wife, Nellie, were married in Chicago, Illinois, April 19, 1911. At the time of the marriage, Mrs. Halle had a son by a former marriage, namely, Clarence Saunders, aged nine years. Mr. and Mrs. Halle moved to Spokane, Washington, in 1913, bringing with them Clarence Saunders, who continued to live with his mother and appellant until his marriage in 1923.

Glenn Saunders, respondent in this action, is the only child of Clarence Saunders and his wife, Bernice Saunders. Glenn was born November 20, 1924. Clarence continued to visit his mother after his marriage, and there is no doubt but that she knew of the birth of Glenn Saunders.

On August 9, 1923, Nellie Halle made a will, which was introduced in evidence as respondent's exhibit No. 1, and, in so far as material here, provided:

"Second: I hereby give, devise and bequeath to my son Clarence Saunders, one-half of my interest in and to all community property owned by myself and my husband Louis Halle at the time of my decease—that is, the said Clarence Saunders shall receive one-fourth of all community property owned by myself and my husband Louis Halle at the time of my decease.

"I hereby give to each and every child who may be hereafter born to me the sum of One Dollar.

"THIRD: I hereby give, devise and bequeath to my husband Louis Halle all of the rest, residue and remainder of my estate of every kind and description and wheresoever the same may be situated."

In the above will, Louis Halle was nominated as executor without bond.

Clarence Saunders died August 20, 1928, leaving surviv-

ing him as his only heirs his son, Glenn Saunders, and his wife, Bernice Saunders.

On May 8, 1934, which it will be noted was after the death of Clarence Saunders, Nellie Halle made another will, which did not contain the specific provision relative to her son Clarence which was contained in the will of August 9, 1923, nor did it mention by name or make any specific provision for either Clarence Saunders or his son, Glenn Saunders. The will of May 8, 1934, did contain the following provisions:

"SECOND: I hereby declare that I have no children surviving, and I hereby give to each and every child who may be hereafter born to me the sum of One Dollar.

"THIRD: I hereby give, devise and bequeath to my husband Louis Halle all of the rest, residue and remainder of my estate, both real and personal and wheresoever situated, to be his absolutely."

By paragraph No. 4, Louis Halle was nominated as sole executor of the will, without bond.

Paragraph No. 5 states: "I hereby revoke all former wills made by me."

Nellie Halle died in Spokane county on September 4, 1942. On September 9, 1942, Louis Halle filed a petition in the superior court for Spokane county, asking that the last will and testament of Nellie Halle, dated May 8, 1934, be admitted to probate. In this petition, the following statement was made:

"That the names, ages and residence of the heirs and devisees of the decedent, so far as known to the petitioner, are as follows:

| NAME | ADDRESS | RELATIONSHIP | AGE |
|------|---------|--------------|-----|
| Louis Halle | Spokane, Wash. | Husband | Legal |

"Estimated value of separate property, $ None
"Estimated value of community property, $ 27,000."

The will of May 8, 1934, was duly admitted to probate on September 9, 1942, and Louis Halle was appointed executor of such will. Thereafter, the estate was appraised by appraisers appointed by the court, and notice to creditors was published, as required by law. Final account and

petition for distribution was filed April 21, 1943, wherein Louis Halle asked that all the property be distributed to him under the terms of the will. Notice of a hearing on the final account and petition for distribution was published and posted as required by law, and, on the day named in the notice, to wit, May 19, 1943, an order was entered approving the final account and decreeing the distribution to Louis Halle of all the property owned by Nellie Halle at the time of her death. It may be stated here that no mention of Glenn Saunders, respondent herein, was made in the probate proceedings.

On October 1, 1946, Glenn Saunders filed a motion asking that the order approving the final account of Louis Halle, as executor of the estate of Nellie Halle, deceased, and the decree of distribution made and entered on May 19, 1943, be vacated and set aside, and that in its place a decree of distribution be entered awarding to him, Glenn Saunders, a one-half interest in and to all the real and personal property belonging to the marital community composed of Louis Halle and Nellie Halle at the time of the death of Nellie Halle. The motion states that the relief sought is based upon the following grounds:

"(1) Irregularities in obtaining the order approving final account and decree of distribution.

"(2) Fraud practiced by the said Louis Halle as the executor of the estate of Nellie Halle in obtaining the order approving final account and decree of distribution.

"(3) Error in the order approving final account and decree of distribution shown by the said applicant, Glenn T. Saunders, within twelve months after arriving at full legal age, the said Glenn T. Saunders now being 21 years of age, having been born November 20, 1924."

The above motion is signed by counsel for Glenn Saunders.

In support of the motion is an affidavit of Paul A. Clausen, one of the attorneys for Glenn Saunders, and in this affidavit appears a further ground for vacating the order of distribution, namely, that Nellie Halle failed to name or provide for Glenn Saunders in her will of May 8, 1934, and

also failed to name or provide for Clarence Saunders, father of Glenn Saunders, in the will.

A show cause order was issued, directed to Louis Halle, as executor of the estate and individually, ordering him to appear and show cause why the motion should not be granted. Louis Halle demurred to the show cause order and supporting affidavit. The demurrer was overruled, and appellant then answered the show cause order. By his answer, Louis Halle admitted certain facts relative to the making of the will by Nellie Halle and its admission to probate, and other facts appearing from the files in the probate proceeding. He denied all allegations of irregularities and fraud, and denied that Glenn Saunders was entitled to any part of his grandmother's estate.

The matter came on for hearing before the court on December 17, 1946. The only witness called was Louis Halle. The entire file showing the proceedings in the Nellie Halle estate up to the time of the filing of the motion to vacate, was admitted in evidence as petitioner's exhibit No. 3. Included in the statement of facts, as well as in the transcript of the proceedings in the Nellie Halle estate, are the affidavit of Paul Clausen, hereinbefore referred to, the affidavit of Glenn Saunders in support of his motion and in reply to the answer of Louis Halle, the answer of Louis Halle to the motion, and the reply of Louis Halle to the affidavit of Glenn Saunders.

At the conclusion of the hearing, and after rendering an oral decision, the court, on January 11, 1947, made and entered findings of fact, conclusions of law, and an order. We desire to quote finding No. 4:

"That the court finds that neither applicant, Glenn T. Saunders, nor his deceased father, the deceased son of the above mentioned Nellie Halle, deceased, were named or provided for in the aforesaid Last Will and Testament of the said Nellie Halle, deceased, and that the said Nellie Halle, deceased, did die intestate as to the said Clarence Saunders, the deceased father of the said applicant, Glenn T. Saunders, and did leave as her only descendant and as the only descendant of her dead son, Clarence Saunders, the applicant, Glenn T. Saunders."

The court concluded:

"(1) That Glenn T. Saunders, the descendant of Nellie Halle, deceased, and of her deceased son, Clarence Saunders, is entitled to such portion of the estate of Nellie Halle, deceased, real and personal, as if the said Nellie Halle had died intestate.

"(2) That the said applicant, Glenn T. Saunders, is entitled to have, and the court should set aside the order approving final account and decree of distribution in the above entitled court and to have set over to him one-half of all the real property owned by the marital community composed of Louis Halle and Nellie Halle, husband and wife, and one-half of the personal property owned by the aforesaid community at the time of the death of the said Nellie Halle, subject to the right of Louis Halle to have a hearing upon the amended petition to set aside property this day filed.

"(3) That the said applicant, Glenn T. Saunders, is entitled to have an accounting by the said Louis Halle as executor of the estate of Nellie Halle, deceased, and as an individual, to the said Glenn T. Saunders of his share and portion of the returns, profits and income derived from the property both real and personal of Nellie Halle, deceased, from the time of her death until said accounting is made and the amounts found due and owing to the said applicant, Glenn T. Saunders, have been paid."

The order follows the conclusions of law, and in so far as material, provides:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order approving the final account and decree of distribution heretofore made and entered in the above entitled matter by the Honorable R. M. Webster, judge of the above entitled court, dated the 19th day of May, 1943, is hereby vacated, set aside, and held for naught, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that applicant, Glenn T. Saunders, is entitled to an undivided one-half interest in and to all of the real property belonging to the marital community consisting of the said Louis Halle and Nellie Halle, now deceased, at the time of the death of the said Nellie Halle, subject to the right of Louis Halle to have a hearing upon the amended petition to set aside property this day filed.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a date be fixed by an order of this court, requiring respondent, Louis Halle, as executor of the estate of Nellie Halle, de-

ceased, and as an individual, to render an accounting to the applicant, Glenn T. Saunders, accounting for all moneys, personal property, rents, profits and other things of value which were owned by the marital community of the said Louis Halle and Nellie Halle, deceased, or which said Louis Halle received by reason of, from, or as the proceeds of any property, real or personal, belonging to the marital community composed of the said Louis Halle and Nellie Halle, deceased, since the date of the death of the said Nellie Halle.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after the said accounting, there shall be entered in the above entitled court in the place and stead of that order approving the final account and decree of distribution setting forth in full and completely describing the property, and making award and distribution of all property, both real and personal, to which the said applicant, Glenn T. Saunders, is entitled as the only descendant of Nellie Halle, deceased."

We have set out the conclusions and order because of a question raised by respondent, which we shall later discuss.

Louis Halle, as executor and individually, has appealed from the above order. The errors assigned are: (1) in overruling appellant's demurrer to the order to show cause; (2) in adopting findings of fact and conclusions of law in favor of respondent; (3) in entering the order setting aside the decree of distribution entered in the matter of the estate of Nellie Halle, deceased, on May 19, 1943; (4) in finding and concluding that Nellie Halle died intestate as to respondent; (5) in requiring appellant to render an accounting to respondent for all moneys, personal property, rents, profits and other things of value owned by the marital community composed of appellant and Nellie Halle, deceased; and (6) in entering the decree setting aside the previous decree of distribution, and each and every part thereof.

We are met at the outset with a motion by respondent to dismiss the appeal, on the grounds that it is prematurely brought, that the appeal is not such as is allowed by law or the statutes of this state, and that this court is without jurisdiction to hear and entertain the appeal.

■ It may be admitted that the following statement found in the case of *Bishop v. Illman,* 9 Wn. (2d) 360, 115 P.

(2d) 151, and quoted in respondent's brief, is a correct statement of the law:

"In the absence of constitutional provision, the right of appeal is purely statutory. The provision of our constitution, Art. IV, § 4, conferring the right of appeal, is not self-executing, but, as we said in *Robison v. LaForge,* 170 Wash. 678, 17 P. (2d) 843, 'receives its vitality from legislative enactment.' Unless the order vacating the judgment comes within the terms of the appeal statute (Rem. Rev. Stat., § 1716 [P.C. § 7290]), it is not an appealable order."

■ It is respondent's contention that the order here in question is not an appealable order, for the reason that it required the appellant to render an accounting, after which a new decree of distribution would be entered in the place of the one vacated and set aside; in other words, that the order here appealed from is not such a final order or judgment as is contemplated by Rem. Rev. Stat., § 1716 [P.P.C. § 5-1].

In support of his motion, respondent cites *Tatum v. Geist,* 40 Wash. 575, 578, 82 Pac. 902; *In re Sroufe's Estates,* 65 Wash. 258, 118 Pac. 18; *In re Robinson's Estate,* 142 Wash. 552, 554, 253 Pac. 816; *Gorman v. Cook,* 168 Wash. 79, 10 P. (2d) 996; *Bishop v. Illman, supra*; and *Reif v. LaFollette,* 19 Wn. (2d) 366, 142 P. (2d) 1015.

The main and controlling question presented by respondent's motion to vacate the decree of distribution was whether or not Nellie Halle died intestate as to Clarence Saunders.

There can be no question but that the trial court definitely and finally decided that Nellie Halle did die intestate as to Clarence Saunders, as appears from the findings of fact and conclusions of law and the order here appealed from. It is true that the order provided that the appellant should make an accounting, etc., after which a new decree of distribution would be entered; but all of the acts to be performed flow from, and are based upon, the determination of the main question as above stated. If the court erred in determining the main question involved, then there would be no basis for setting aside the decree of distribution in the Nellie Halle estate, or any of the other acts required to be done by

appellant, for the simple reason that Glenn Saunders would have no interest in his grandmother's estate.

We are of the opinion, for the reasons above stated, that the order here appealed from is an appealable order, under Rem. Rev. Stat., § 1716, subd. (1), in that it was a conclusive determination of the main and controlling question presented, namely, the question of whether or not Nellie Halle died intestate as to her son, Clarence Saunders. Our conclusion is amply supported by the following authority: 4 C. J. S. 185-187, § 94; *Bishop v. Lynch,* 8 Wn. (2d) 278, 111 P. (2d) 996; *In re Horse Heaven Irr. Dist.,* 11 Wn. (2d) 218, 118 P. (2d) 972. See, also, *In re Hemrich's Estate,* 113 Wash. 667, 194 Pac. 569; *Hardesty v. Naharkey,* 88 Okla. 253, 213 Pac. 89; and *Wilson v. Wilson,* 64 Mont. 533, 210 Pac. 896.

We have examined the cases cited by respondent, and it is our opinion they are not controlling here. It is true that some of the language found in the cited cases may seem to support respondent's contentions, if considered apart from the order or decree being reviewed; but, when examined in connection with the order or decree there under consideration, it is our opinion that, because of the difference between the orders or decrees in the cited cases and the order here in question, the cited cases do not conflict with our conclusion in the instant case. We take one of respondent's cases as typical. In *Reif v. LaFollette, supra,* there was an attempted appeal from what was designated as an "Interlocutory Decree." The following quotation from the opinion is explanatory of the decree and our reasons for holding it was not an appealable order or judgment:

"There is nothing even approaching a final judgment in the so-called interlocutory decree. Under the definition above quoted, it does not even have the force of a judgment; for it does not determine the rights of the parties in the action. The plaintiff sought to recover partnership profits. The final words of defendant's answer are: '. . . and there is nothing due and owing from defendant to plaintiff.' The trial judge arrived at a point where he was able to decide some of the matters involved, *but could not deter-*

*mine whether the plaintiff was entitled to recover any-thing or not.* He thereupon entered the so-called inter-locutory decree, hereinbefore quoted in full." (Italics ours.)

For the reasons assigned, respondent's motion to dismiss the appeal is denied.

Appellant, in his argument on the merits, considers and discusses all of his assignments of error together, stating that they involve the application of Rem. Rev. Stat., § 1402 [P.P.C. § 219-17]. In his brief, he states two principal contentions, the first of which is as follows:

"It is appellant's contention that § 1402, *supra,* does not require a testator to name or provide for a *deceased child* or the *issue of a deceased child,* but only requires that he name or provide for a surviving child or children." (Italics ours.)

Appellant then quotes the following portion of § 1402:

"If any person make his last will and die *leaving* a child or children or descendants of *such child or children* not named or provided for in such will . . . ." (Italics ours.)

Appellant argues:

"Nellie Halle did not leave any child or children, as her only child predeceased her. She did not leave *issue of a child who was living at the time of her death.* The only logical interpretation of this part of the statute is that it refers to issue of a pretermitted child who has died since the testator." (Italics ours.)

What we shall refer to as appellant's second contention is stated in his brief as follows:

"Assuming, for the sake of argument, that § 1402, *supra,* required the testatrix to name or make some provision for her deceased son, then it is our contention that the language of the will clearly and unequivocally shows that she did not intend to make any provision for him."

It is respondent's contention, as we understand it, that, under the provisions of § 1402, *supra,* as interpreted in the case of *In re Phillips' Estate,* 193 Wash. 194, 74 P. (2d) 1015, Nellie Halle having failed to name or provide for her son,

Clarence Saunders, in her will, and having failed to name or provide for Glenn Saunders, the son of Clarence Saunders, Nellie Halle must be held to have died intestate as to her son, Clarence Saunders, and that Glenn Saunders, the descendant of Clarence Saunders, is entitled to share in the estate of his grandmother, Nellie Halle.

Both appellant and respondent cite and quote from the opinion in the *Phillips* case, *supra,* and respondent, as did the trial court, relies to a great extent upon that case to support his contentions.

The facts established in the *Phillips* case, in so far as material, may be stated as follows: Rachel Phillips executed a nonintervention will on October 7, 1925. At that time, she and her husband, Virgil Phillips, had five children, one of whom was Silas Ward Phillips. The testatrix named all of her children in her will, but stated that she made no provision for them. By her will, Rachel Phillips devised all her property to her husband. At the time Rachel Phillips made her will, Silas Ward Phillips was living and married to Verona Phillips, and they had one child. Three other children were subsequently born to Silas and Verona Phillips. Silas died intestate on July 26, 1929, survived by his wife and four minor children.

Rachel Phillips died April 16, 1936, without having made any change in her will. The will was admitted to probate, and Virgil Phillips was appointed executor.

On August 24, 1936, Verona Phillips, as guardian of the four minor children of herself and Silas Ward Phillips, filed in the Rachel Phillips estate a petition in which she asked that an undivided one-fifth interest in the estate be set over to her minor children as pretermitted heirs. The trial court, after a hearing, denied the petition, and Verona Phillips appealed to this court.

The question presented, as stated in the opinion, was as follows:

"The ultimate question to be decided on this appeal is whether, by reason of the facts stated and the provisions of Rem. Rev. Stat., § 1402, the four minor children of Silas

Ward Phillips are to be deemed pretermitted heirs of Rachel Jane Phillips and therefore entitled to share in her estate."

It will be noticed that there is at least one very material factual difference between the *Phillips* case and the instant case. In the former, Silas Ward Phillips was alive at the. time his mother made her will, but died after the will was made and before the death of his mother, while in the instant case, Clarence Saunders had died prior to the time his mother made her will.

We are entirely in accord with the construction placed upon § 1402, *supra,* in the *Phillips* case, but we are unable to agree that such construction, as applied to the facts in that case, justifies the contention of respondent that the statute, when applied to the facts in the instant case, warrants the relief granted to Glenn Saunders. It should be kept in mind that the concluding paragraph of the opinion in the *Phillips* case states:

"Our construction of Rem. Rev. Stat., § 1402, as applied to the facts of this case, is that the testatrix, having named Silas Ward Phillips in her will, is not to be deemed to have died intestate as to any of his children, even though he was deceased at the time of the death of the testatrix."

In the *Phillips* case, this court was not called upon and did not purport to say whether or not § 1402 would be applicable in a case where the child of the testator was deceased at the time the will was made. Neither the *Phillips* case nor any other case called to our attention, including the case of *In re Bauer's Estate,* 5 Wn. (2d) 165, 105 P. (2d) 11, had occasion to or did pass upon the question here presented.

We are of the opinion that § 1402, as it now exists, and as construed in the *Phillips* case, has no application to the facts in the instant case. In other words, we are of the opinion that when a child of a testator is deceased at the time the will is made, § 1402 does not require that the testator name or provide for either such deceased child or the descendants of such deceased child.

All of the authorities hold that the purpose of a statute such as § 1402 is to provide against the disinheritance

of a child or children of a testator through inadvertence or oversight. See *In re Harper's Estate,* 168 Wash. 98, 10 P. (2d) 991, 15 P. (2d) 1119; *In re Phillips' Estate, supra.* None of the cases states that the purpose of such statutes is to guard against the disinheritance of a descendant of such child or children.

Referring now to the *Phillips* case, in the analysis of the different clauses of § 1402 therein found, the following portion of the section is termed the effectual clause:

" 'every such testator, *as to such child or children not named or provided for,* shall be deemed to die intestate.' (Italics ours.)"

Which child or children are referred to in the effectual clause? Manifestly, under the words of the statute, only a child or children who survived the testator. We quote the language of the statute:

"If any person make his last will and die *leaving a child or children* . . . " (Italics ours.)

It seems to us a casual reading of § 1402 compels the conclusion that if the testator left no child surviving him, especially in a case such as the instant one, where the only child of the testatrix was dead at the time the will was made, the statute could not and does not contemplate that such deceased child must be named or provided for in the will.

It is stated in the *Phillips* case that the effectual clause of the statute is the only part of the statute which declares intestacy, and such intestacy is declared only as to the child or children of the testator (not descendants of such child or children) not named or provided for in the will.

If, then, the statute only purports to declare intestacy as to a child or children of the testator because of the failure of the testator to name or provide for such child or children in his will, and it being our opinion that the statute does not apply to a child who was deceased at the time the will was made, it seems to us it must follow that the statute would have no application to the descendants of a child who was

dead at the time the will was made, because of the failure to name or provide for such descendants. In other words, where, as in the present case, there is no child or children falling within the class named in the statute, namely, a child or children surviving the testator, the statute could not, in our opinion, have any application, and therefore would not require that the testator name or provide for either such deceased child or his descendants.

While our examination of the cases convinces us there is merit to the second contention made by appellant, in view of the conclusion we have reached it becomes unnecessary, in our opinion, to discuss the other contentions made by the respective counsel.

We are of the opinion that the will of Nellie Halle being considered in this case is a valid will, and that it clearly shows it was the intention of the testatrix to leave all her estate to her husband, Louis Halle.

For the reasons herein assigned, the order appealed from is reversed, and the cause is remanded with directions to dismiss the petition of Glenn Saunders.

MALLERY, C. J., BEALS, STEINERT, and ROBINSON, JJ., concur.