[No. 31401.   Department Two.   July 31, 1950.]

*In the Matter of the Estate of* MARY A. MOORE, *Deceased.*[1]

*James Tynan,* for appellant.

*Earl G. Rice,* for respondents.

HILL, J.—The question intended to be raised on this appeal concerns the right of one convicted of manslaughter to take under the will of his victim. However, we are holding, on our own motion, that the appeal is premature. A statement of the facts and of the status of the litigation is necessary to make apparent the reason for that holding.

Joseph A. Moore made a brutal assault upon his 79-year-old mother, Mary A. Moore, on June 25, 1948. She died on July 7, 1948, leaving a will dated June 27, 1938, by which she appointed Joseph A. Moore, her only child, as executor, and devised and bequeathed all of her property to him. There was no alternate beneficiary and no reversionary clause.

The will was admitted to probate and an administratrix with the will annexed was appointed, and the administration of the estate proceeded.

[1] Reported in 220 P. (2d) 1079.

In the meantime, Joseph A. Moore was charged with the murder (second degree) of his mother and was found guilty of manslaughter. He was sentenced to the state penitentiary on January 6, 1949, and was thereafter, on July 31, 1949, transferred to the Eastern Washington Hospital as mentally incompetent.

Insanity had not been pleaded as a defense in his trial, nor is there now before us any showing that he was not mentally responsible at the time of the assault on his mother.

Moore had, on October 12, 1948, given a deed to his attorney, James Tynan; but it is conceded that this deed was given as security for counsel fees and other charges in connection with the criminal case and the Mary A. Moore estate and other litigation.

When the administratrix w. w. a. filed her final report and account and petitioned the court for distribution of the mother's estate, it was suggested that Joseph A. Moore may have,

". . . by reason of his felonious assault upon his mother, causing her death, . . . disqualified himself from receiving any part of her estate . . . under the terms of her last will and testament."

It was further suggested that, if he was disqualified, "then the Court should determine who are the legal heirs of Mary A. Moore, eligible and entitled to receive the residue of her estate"; and it was alleged that Joseph A. Moore is the only child of Mary A. Moore, and that his only children are Vivian Moore, over twenty-one, a daughter by a former marriage, and Colleen Moore, a daughter of the existing marriage to Dorothy Moore.

At the hearing on the final report and account and the petition for distribution, James Tynan represented Joseph A. Moore as his guardian *ad litem*, it appearing that Moore was mentally incompetent; and a guardian *ad litem* also represented Colleen Moore, she being a minor. There was evidence at the hearing that Dorothy Moore, the wife of Joseph A. Moore, was asking him for a divorce, and that

she was asking that she be awarded all the interest that he might have in the estate of Mary A. Moore.

On October 24, 1949, the trial court entered an order approving the final report and account and, as part thereof, it was

"Furthur Ordered, Adjudged and Decreed that Joseph A. Moore, by reason of his felonious assault upon his mother, causing her death, has disqualified himself from receiving any part of her estate, as he would otherwise have been entitled under the terms of her last will and testament; and it is

"Furthur Ordered, Adjudged and Decreed that James Tynan and Dorothy Moore, respectively attorney and wife of said Joseph A. Moore, claiming by and through said Joseph A. Moore, be and they hereby are denied any right, title or interest in this estate."

The trial court, as part of the same order, continued the further hearing upon the petition of distribution to December 2, 1949, and directed continuation of the efforts to locate Vivian Moore, the daughter of Joseph A. Moore, whose whereabouts were unknown.

It is from the first of the two paragraphs of the order quoted above that the appeal is prosecuted by the guardian *ad litem* of Joseph A. Moore. Although notice of appeal was given by James Tynan individually from so much of the order as denied him any right, title to or lien on the estate of Mary A. Moore, no assignment of error is predicated on that portion of the order.

As previously pointed out, Joseph A. Moore was the sole devisee and legatee under the will of Mary A. Moore and there was no alternate beneficiary, nor was there a residuary clause. If Joseph A. Moore is disqualified to take under the will, then the property must descend to her heirs at law, under the statute of descent. He is the only child of Mary A. Moore and is her sole heir at law.

It may be inferred that in due time an order will be entered decreeing that Joseph A. Moore, by his conduct, has disqualified himself from receiving any part of the estate of his mother as her heir under the statute of descent, and that the estate should be distributed to Mary A. Moore's

granddaughters, Vivian and Colleen Moore. If and when the trial court enters such an order, Joseph A. Moore will again have the right to appeal therefrom, even if our decision on this appeal were adverse to him.

If the trial court should conclude that Joseph A. Moore, though disqualified from taking under the will, is not disqualified from taking as an heir—and there is some authority supporting such a distinction—then Vivian and Colleen Moore would have a right of appeal, and the present appeal of Joseph A. Moore would have been unnecessary so far as the ultimate question of who is entitled to the estate of Mary A. Moore is concerned.

■ We should not depart from the well known and established principle of common law and permit a cause to be brought before this court piecemeal for review unless clearly authorized so to do by legislative enactment. *Windt v. Banniza,* 2 Wash. 147, 154, 26 Pac. 189; *Reif v. LaFollette,* 19 Wn. (2d) 366, 142 P. (2d) 1015. Our statute which states the determinations from which appeals may be taken is Rem. Rev. Stat., § 1716 [P.P.C. § 5-1], which so far as material, is as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, . . .

"(6) From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action. . . ."

■ It is patent that the order appealed from is not a final judgment, for there is to be a determination of heirship and a decree of distribution at a later date. Nor is it a final determination of the rights of Joseph A. Moore in and to the estate of Mary A. Moore; who is to receive that estate is the main and controlling question before the trial court. Neither does the order appealed from prevent the entry of a final judgment or discontinue the action.

In view of the limitations upon the right of appeal prescribed by Rem. Rev. Stat., § 1716, we must hold that the order of October 24, 1949, is not an appealable order, and that the propriety of the portion complained of is not before the court. *Gorman v. Cook,* 168 Wash. 79, 10 P. (2d) 996; *Reif v. LaFollette, supra.* The case of *In re Halle's Estate,* 29 Wn. (2d) 624, 188 P. (2d) 684, is distinguishable, as the order there appealed from was made after judgment (it set aside a decree of distribution) and was a conclusive determination of the main and controlling question there presented.

The appeal is dismissed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.